## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF GEORGIA
## SAVANNAH DIVISION

**MELISSA CURTIS,**

     **Plaintiff,**

**vs.**

                             **CASE NO.:**

**GULFSTREAM AEROSPACE
CORPORATION,**

     **Defendant.**

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MELISSA CURTIS ("Plaintiff"), by and through her undersigned counsel brings this action against Defendant GULFSTREAM AEROSPACE CORPORATION, ("Defendant"), and states as follows:

## NATURE OF CASE

1.     Plaintiff brings this action for damages and all available relief due to Defendant's violation of her rights under the Americans with Disabilities Act of 1990, as amended ("ADAAA"), 42 U.S.C. § 12101 *et seq,* Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (hereinafter "Title VII") and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, *et. seq.*, and to recover front pay, back pay, reinstatement, lost benefits, compensatory damages, emotional distress damages, pain and suffering,

injunctive relief, reasonable attorneys' fees and costs, and any other relief to which Plaintiff is entitled, including but not limited to, equitable relief.

## ADMINISTRATIVE PROCEDURES

2. Plaintiff has fulfilled all conditions necessary to proceed with this cause of action. Plaintiff filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") against Gulfstream Aerospace Corporation on June 27, 2024.

3. The EEOC issued its Notice of Right to Sue on July 9, 2024.

4. Plaintiff timely files this action within ninety (90) days of receipt of the Notice of Right to Sue from the EEOC.

## JURISDICTION AND VENUE

5. Plaintiff invokes the jurisdiction of this court pursuant to 42 U.S.C. § 12101 *et seq.*, 28 U.S.C. §§ 1331 and 1343, and 42 U.S.C. § 12117.

6. This Court is an appropriate venue for all Plaintiff's claims under 28 U.S.C. § 1391(b), because all of the parties reside within the Southern District of Georgia, and all or a substantial majority of the events giving rise to Plaintiff's claims occurred in the judicial district.

## PARTIES

7. Plaintiff is a female citizen of the United States of America and a resident of the State of Georgia, subject to this Court's jurisdiction, and entitled to bring the claims asserted in the above-captioned case.

8. Plaintiff, at all times relevant hereto, was an "eligible employee" within the meaning of the FMLA, 29 U.S.C. § 2601 *et seq*., in that she had been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding her request for FMLA.

9. Plaintiff, at all times relevant hereto, was an "employee" of Defendant as defined under the ADAAA at 42 U.S.C. § 12111(4).

10. Plaintiff, at all times relevant hereto, was an individual with a disability as the term is defined under 42 U.S.C. § 12102(1).

11. During all times relevant hereto, Defendant has employed fifteen (15) or more employees for the requisite duration under Title VII.

12. During all times relevant hereto, Defendant was an "employer" within the meaning of Title VII.

13. During all times relevant hereto, Plaintiff was employed by Defendant within the meaning of Title VII.

14. Plaintiff is a person with a disability as she has an impairment causing substantial limitations in one or more major life activities, she has a record of disability, and because Defendant regarded her as having an impairment.

15. During all times relevant hereto, Defendant has employed fifty or more employees within a 75-mile radius of Plaintiff's employment, for the requisite requirements under the ADAAA and the FMLA. Defendant is

3

therefore covered under the ADAAA in accordance with 42 U.S.C. § 12111(5) and the FMLA in accordance with 29 U.S.C. § 2601 *et seq*.

16.     During all times relevant hereto, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District and is within the jurisdiction of this Court and this District.

17.     Defendant may be served by delivering a copy of the summons and complaint through its registered agent, Ira P. Berman, at 500 Gulfstream Road, Savannah, Georgia, 31407.

18.     Defendant is now and, at all times relevant hereto, has been a for-profit corporation.

## STATUTORY PREREQUISITES

19.     At all time material hereto, Plaintiff was a female who suffered discrimination based on her gender.

20.     As such, Plaintiff is a member of a class of individuals protected by Title VII.

21.     At all times material hereto, Plaintiff was an individual with a disabling medical condition who suffered discrimination based on her disability.

22.     As such, Plaintiff is a member of a class of individuals protected by the ADAAA.

23.    Plaintiff was qualified for her position of employment as a Technical Specialist I.

24.    The Defendant meets the statutory criteria for coverage as an "employer" under Title VII.

25.    The Defendant meets the statutory criteria for coverage as an "employer" under the ADAAA.

26.    Plaintiff meets the statutory criteria for coverage as an "employee" under Title VII.

27.    Plaintiff meets the statutory criteria for coverage as an "employee" under the ADAAA.

28.    Plaintiff timely filed her Charge of Discrimination with the EEOC on June 27, 2024.

29.    On July 9, 2024, the EEOC issued its Notice of Right to Sue. Therefore, this Complaint is being filed within ninety (90) days of Plaintiff receiving her right-to-sue letter.

30.    Accordingly, Plaintiff has complied with all other requirements and all other prerequisites prior to bringing this lawsuit.

## FACTUAL ALLEGATIONSS

31.    Plaintiff was hired by the Defendant on November 1, 2017, as a Design Implementation Specialist.

5

32.    The Plaintiff's last position while working for Defendant was Technical Specialist I.

33.    At all times material hereto, Plaintiff performed well while working for the Defendant.

34.    At all times material hereto, Plaintiff suffered from anxiety, depression, and similar mental health conditions.

35.    Defendant was aware that Plaintiff suffered from anxiety, depression, and similar mental health conditions.

36.    Plaintiff informed her Senior Manager, Dixie Hall, as well as Defendant's Human Resources ("HR") department about her anxiety, depression, and similar mental health conditions in approximately early-2022.

37.    In the months leading up to February 2024, Plaintiff's male co-worker began to sexually harass Plaintiff on a regular basis and create a hostile work environment.

38.    Said male co-worker's conduct severely exacerbated Plaintiff's anxiety. Accordingly, Plaintiff started to see her psychologist more frequently to address her symptoms.

39.    On February 27, 2024, Plaintiff reported the ongoing sexual harassment to Defendant's HR Department.

40.    Defendant terminated said male co-worker on April 15, 2024.

41.     However, Hall was close friends with said male co-worker. Upon said male co-worker's termination, Hall became verbally abusive towards Plaintiff.

42.     Hall verbally attacked the Plaintiff with disparaging statements regarding Plaintiff's self-esteem, emotional state, and educational achievements. Said disparaging comments significantly exacerbated Plaintiff's disabilities.

43.     Hall also accused Plaintiff of being passive-aggressive and further alleged that Plaintiff's co-workers felt uncomfortable around Plaintiff. Defendant isolated Plaintiff in a different building from her co-workers after this incident.

44.     Furthermore, Hall and other supervisors/managers repeatedly told Plaintiff to "work on her emotions."

45.     In light of these verbally abusive comments, Plaintiff began to treat more frequently with her psychologist.

46.     Moreover, on April 12, 2024, Plaintiff provided a written statement to Defendant's HR department with complaints of bullying by her co-workers and managers/supervisors, discrimination based on her disabilities, and discrimination based on her gender, including the disparaging comments that related to gender stereotypes.

7

47.    On May 6, 2024, Plaintiff provided a written statement to Defendant's HR department inquiring about applying for short-term disability ("STD") and FMLA leave as her disability-related symptoms continued to get worse.

48.    In said written statement, Plaintiff specified the basis of her disability claim and how it resulted from Hall's adverse treatment towards her.

49.    On May 10, 2024, Plaintiff and her psychologist submitted a medical accommodation request to Defendant, which was approved and implemented by Defendant's HR department.

50.    Nonetheless, Hall repeatedly disregarded the requirements mandated by Plaintiff's approved medical accommodations plan.

51.    Plaintiff filed an STD claim through Defendant's third-party disability and leave administrator, Sedgwick, with a requested start date of May 27, 2024.

52.    The start date of the Plaintiff's initial STD claim was adjusted to June 17, 2024, to allow for the completion of all required paperwork.

53.    On May 27, 2024, the Plaintiff had a verbal conversation with Hall regarding her STD claim and how long she was expected to be out.

54.    On May 28, 2024, the Plaintiff sent a written statement to Hall reiterating the start date of her STD, but Plaintiff did not receive a response.

8

55.     Defendant terminated Plaintiff's employment, effective June 10, 2024.

56.     At the time of Plaintiff's termination, Defendant informed Plaintiff that her employment was terminated because Plaintiff was allegedly "not a good fit."

57.     However, on June 20, 2024, Plaintiff received a separation notice from the Georgia Department of Labor that stated a different termination reason—"[unsatisfactory] performance."

58.     Due to the termination, Plaintiff's STD was cancelled.

## COUNT I
## DISCRIMINATION UNDER THE ADAAA

59.     Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58 above.

60.     Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

61.     Plaintiff was discriminated against by the Defendant due to her disability in violation of federal law.

62.     Defendant failed to engage in the interactive process to determine whether any accommodation could be given to Plaintiff without creating an undue hardship to Defendant.

63.    Defendant denied Plaintiff a reasonable accommodation as required by federal law.

64.    Specifically, Defendant and Hall repeatedly disregarded the requirements mandated by Plaintiff's approved medical accommodations plan.

65.    Plaintiff is protected by the ADAAA:

    a.  Plaintiff was a disabled or a "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant; and

    b.  Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

66.    Defendant was at all material times an "employer" as envisioned and defined by the ADAAA.

67.    Plaintiff's medical condition is a protected disability under the ADAAA, as amended. *See* 42 U.S.C. § 12102.

68.    Defendant's actions unquestionably constitute disability discrimination in violation of the ADAAA, as amended.

69.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

70.    Alternatively, Defendant perceived Plaintiff as being "disabled," and, therefore, unable to perform the essential functions of her position, even

though Plaintiff could perform same with a reasonable accommodation.

71.     Pleading in the alternative, Plaintiff's disability does not substantially limit a major life activity but was treated by Defendant as if it did.

72.     Defendant does not have a non-discriminatory rationale for denying Plaintiff's employment.

73.     Plaintiff was a disabled individual, or otherwise perceived as disabled by Defendant. Therefore, she is a member of a protected class as envisioned and defined by the ADAAA.

74.     Plaintiff suffered sufficiently severe and pervasive treatment because of her disability and/or "perceived disability," and request for accommodation regarding same.

75.     The acts of Defendant, by and through their agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

76.     The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

77.     The conduct of Defendant, their agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

78.    The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

79.    Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.    Back pay and benefits;

      b.    Interest on back pay and benefits;

      c.    Front pay and benefits;

      d.    Compensatory damages for emotional pain and suffering;

      e.    Injunctive relief;

      f.    Prejudgment interest; and,

      g.    Costs and attorney's fees;

**COUNT II**
**RETALIATION UNDER THE ADAAA**

80.    Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58 above.

81.    Plaintiff suffers from a disabling medical condition pursuant to the ADAAA.

82.   Defendant was aware of Plaintiff's disabling medical condition.

83.   Plaintiff was retaliated against by the Defendant due to her disability in violation of Federal law.

84.   Plaintiff was retaliated against by the Defendant after requesting accommodations for her anxiety, depression, and similar mental health conditions.

85.   Plaintiff was retaliated against by the Defendant after complaining to Defendant regarding Defendant's discriminatory conduct on the basis of Plaintiff's disabling medical condition.

86.   Defendant received notice of Plaintiff's disabling medical condition by approximately early-2022.

87.   Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

88.   Defendant denied Plaintiff's reasonable accommodation request in violation of federal law.

89.   Specifically, Defendant and Hall repeatedly disregarded the requirements mandated by Plaintiff's approved medical accommodations plan.

90.   Defendant terminated Plaintiff's employment, in whole or in part, because of her disabling medical condition.

91.   Plaintiff was retaliated against by the Defendant due to her disability and/or "perceived disability" in violation of the ADAAA.

92.    Plaintiff is protected by the ADAAA:

a.    Plaintiff was disabled or a "perceived as disabled" employee whosuffered discrimination because of her disability or "perceived disability" by Defendant; and

b.    Plaintiff suffered an adverse employment action as a result of her disability or "perceived disability."

c.    Plaintiff suffered an adverse employment action as a result of her reporting discrimination based on her disability or "perceived disability."

93.    Defendant   was at   all material times an "employer" as envisioned and defined by the ADAAA.

94.    Plaintiff's medical condition is a protected disability under the ADAAA, as amended. See 42 U.S.C. § 12102.

95.    Defendant's actions unquestionably constitute retaliation in violation of the ADAAA, as amended.

96.    By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADAAA.

97.    Alternatively, Defendant perceived Plaintiff as being "disabled," and therefore, unable to perform the essential functions of her position, even though Plaintiff could perform same with a reasonable accommodation.

98.    Pleading in the alternative, Plaintiff's impairment did not substantially limit a major life activity but was treated by Defendant as if it did.

99.    Pleading in the alternative, Plaintiff's medical condition constituted an impairment that limited a major life activity only because of Defendant's attitude toward the impairment.

100.   Defendant does not have a non-discriminatory rationale for terminating the Plaintiff.

101.   Plaintiff was a disabled individual during her employment. Therefore, she is a member of protected classes as envisioned by the ADA.

102.   The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADAAA.

103.   The retaliation to which Plaintiff was subjected was based on her disability.

104.   The conduct of Defendant, its agents, and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

105.   The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an

award of punitive damages against Defendant to deter it, and others, from such conduct in the future.

106. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to the ADAAA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.  Back pay and benefits;

      b.  Interest on back pay and benefits;

      c.  Front pay and benefits;

      d.  Compensatory damages for emotional pain and suffering;

      e.  Injunctive relief;

      f.  Prejudgment interest; and,

      g.  Costs and attorney's fees;

<u>**COUNT III**</u>
<u>**INTERFERENCE WITH EXERCISE OF FMLA RIGHTS**</u>

107. Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58 above.

108. Defendant is an 'employer' as defined by the FMLA.

109. Plaintiff was an eligible employee under the FMLA.

110. Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

111.   Plaintiff was employed by Defendant for more than 12 months.

112.   Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

113.   Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

114.   Plaintiff had a medical condition as defined by the FMLA.

115.   Plaintiff was an eligible employee with a health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

116.   The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

117.   As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

118.   Plaintiff is also entitled to liquidated damages for Defendant's violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii) because

Defendant's actions to prevent Plaintiff from taking additional leave were willful violations of the FMLA.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

      a.  Back pay and benefits;

      b.  Interest on back pay and benefits;

      c.  Front pay and benefits;

      d.  Compensatory damages for emotional pain and suffering;

      e.  Injunctive relief;

      f.  Prejudgment interest; and,

      g.  Costs and attorney's fees;

**COUNT IV**
**RETALIATION FOR EXERCISE OF FMLA RIGHTS**

119.  Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58 above.

120.  Defendant is an 'employer' as defined by the FMLA.

121.  Plaintiff was an eligible employee under the FMLA.

122.  Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

123.  Plaintiff was employed by Defendant for more than 12 months.

124.   Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

125.   Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

126.   Plaintiff had a serious medical condition as defined by the FMLA.

127.   Plaintiff was an eligible employee with a serious health condition as that term is defined by the FMLA and the accompanying regulations, specifically 29 C.F.R. 825.113.

128.   In terminating Plaintiff's employment, Defendant retaliated against Plaintiff for exercising her right to take leave as provided under the FMLA.

129.   Defendant's actions in retaliation against Plaintiff for refusing her FMLA were committed with reckless disregard for Plaintiff's right to be free from discriminatory treatment under the FMLA, specifically 29 U.S.C. §2615(a)(1)(2).

130.   The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due her under the FMLA.

131.   As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B).

132.   Plaintiff is further entitled to liquidated damages for Defendant's willful violation of her rights under the FMLA, 29 U.S.C. § 2617(a)(1)(A)(iii).

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable reliefallowed by law including:

a.   Back pay and benefits;

b.   Interest on back pay and benefits;

c.   Front pay and benefits;

d.   Compensatory damages for emotional pain and suffering;

e.   Injunctive relief;

f.   Prejudgment interest; and,

g.   Costs and attorney's fees;

**COUNT V**
**GENDER DISCRIMINATION UNDER TITLE VII**

133.   Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58 above.

134.   Defendant discriminated against Plaintiff based on her gender.

135.   Defendant engaged in unlawful employment practices prohibited by Title VII by discriminating against Plaintiff as set forth above.

136.    Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

137.    The above discrimination was committed by Defendant with a reckless disregard for Plaintiff's rights under federal law.

138.    As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer from loss of employment, loss of income, loss of other employment benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.    Interest on back pay and benefits;

c.    Front pay and benefits;

d.    Compensatory damages for emotional pain and suffering;

e.    Injunctive relief;

f.    Prejudgment interest;

g.    Costs and attorney's fees; and

h.    Such other relief as the Court may deem just and proper.

## COUNT VI
## RETLIATION UNDER TITLE VII

139.   Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58 above.

140.   Defendant retaliated against Plaintiff because of her complaints about gender discrimination.

141.   Plaintiff engaged in a protected activity by complaining of disparate treatment and/or gender discrimination.

142.   Plaintiff suffered an adverse action.

143.   Defendant engaged in unlawful employment practices prohibited by Title VII by retaliating against Plaintiff as set forth above.

144.   Defendant knew or should have known of the discrimination and unlawful targeting of Plaintiff.

145.   The above-described discrimination and retaliation were committed by Defendant with a reckless disregard for Plaintiff's rights under federal law.

146.   As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer from loss of employment, loss of income, loss of other employment benefits, mental anguish, distress, humiliation, and loss of enjoyment of life.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

a.    Back pay and benefits;

b.      Interest on back pay and benefits;

c.      Front pay and benefits;

d.      Compensatory damages for emotional pain and suffering;

e.      Injunctive relief;

f.      Prejudgment interest;

g.      Costs and attorney's fees; and

h.      Such other relief as the Court may deem just and proper.

## COUNT VII
## SEXUAL HARRASMENT OF PLAINTIFF
## IN VIOLATION OF TITLE VII

147.    Plaintiff reincorporates and adopts all allegations contained within paragraphs 1 through 58 above.

148.    Plaintiff was subjected to unwelcome, offensive, and harassing sexually discriminatory conduct during her employment with Defendant, which was perpetuated upon her by Plaintiff's supervisors, and this conduct was based upon and directed at Plaintiff by reason of her gender.

149.    This sexually harassing conduct was sufficiently severe and pervasive as to unreasonably interfere with Plaintiff's physical health, work performance and so as to create an intimidating, hostile and offensive work environment.

150.   During the course of her employment, Plaintiff was forced to work in a sexually hostile environment. Defendant's management was put on notice of the sexual harassment suffered by Plaintiff and failed to take immediate corrective action, all to Plaintiff's detriment.

151.   As a direct and proximate result of Defendant's harassing and hostile sexual environment, Plaintiff suffered great embarrassment, humiliation, and mental and physical anguish.

**WHEREFORE**, Plaintiff prays for a trial by jury and all legal and equitable relief allowed by law including:

h.     A declaratory judgment that Defendant has engaged in unlawful employment practices in violation of the FMLA, Title VII and ADAAA;

i.     General damages for mental and emotional suffering caused by Defendant's misconduct;

j.     Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

k.     Special damages and/or liquidated damages for lost wages and benefits and prejudgment interest thereon;

l.     Reasonable attorney's fees and expenses of litigation with any and all other costs associated with this action as provided by the FMLA;

m.    Trial by jury as to all issues;

n.    Prejudgment interest at the rate allowed by law; and

o.    All other relief to which she may be entitled.

## **DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a trial by jury of all issues so triable.


Dated: <u>October 7, 2024</u>

                          Respectfully submitted,

                          ***/s/ Jordan P. Rose, Esq.***
                          Jordan P. Rose, Esq.
                          GA Bar No. 851471
                          THE LEACH FIRM, P.A.
                          1560 N. Orange Avenue, Suite 600
                          Winter Park, FL 32789
                          Telephone: (407) 574-4999
                          Facsimile: (321) 594-7316
                          Email: jrose@theleachfirm.com
                          Email: ppalmer@theleachfirm.com
                          ***Attorneys for Plaintiff***